*Kyle Jerome Dalen*

*vs.*

*Jodi Harpstead, Commissioner of the Minnesota Department of Human Services*

U.S. District Court No. 23-1877

# EXHIBIT 2

| | |
|---|---|
| **STATE OF MINNESOTA** | **DISTRICT COURT** |
| **COUNTY OF DAKOTA** | **FIRST JUDICIAL DISTRICT**<br>Case Type: Civil Other |

| | |
|---|---|
| Kyle Jerome Dalen,<br><br>Plaintiff,<br><br>vs.<br><br>Jodi Harpstead, Commissioner of the Minnesota Department of Human Services, *in her individual and official capacities*,<br><br>Defendant. | Case No. _____<br><br><br>**SUMMONS** |

THIS SUMMONS IS DIRECTED TO JODI HARPSTEAD, COMMISSIONER OF THE MINNESOTA DEPARTMENT OF HUMAN SERVICES:

1. **YOU ARE BEING SUED**. Plaintiffs have started a lawsuit against you. Plaintiffs' Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

2. **YOU MUST REPLY WITHIN 21 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons **a written response** called an Answer within 21 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

   120 South Sixth Street, Suite 2600, Minneapolis, MN 55402.

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to Plaintiffs' Complaint. In your Answer, you must state whether you agree or disagree with each paragraph of the Complaint. If you believe Plaintiffs should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 21 days, you may lose this case by default. You will not get to tell your side of the story, and the Court may decide against you and award Plaintiffs everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: May 31, 2023

**GUSTAFSON GLUEK PLLC**

*/s/Daniel E. Gustafson*
Daniel E. Gustafson (#202241)
David A. Goodwin (#386715)
Anthony J. Stauber (#401093)
Joseph E. Nelson (#402378)
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, Minnesota 55402
Telephone: 612-333-8844
Fax: 612-339-6622
dgustafson@gustafsongluek.com
dgoodwin@gustafsongluek.com
tstabuer@gustafsongluek.com
jnelson@gustafsongluek.com

**JASPERS, MORIARTY & WETHERILLE, P.A.**
Kevin J. Wetherille (#033036X)
James P. Conway (#0391044)
206 Scott Street
Shakopee, MN 55379
(952) 445-2817

**THRONDSET MICHENFELDER, LLC**
Jason Gustafson (#0403297)
One Central Avenue West
St. Michael, MN 55376
Suite 101
Tel: (763)-515-6110
Cell: (612)-889-0341

Filed in District Court
State of Minnesota
5/31/2023 3:51 PM

**FREMSTAD LAW**
Hannah L. Scheidecker (#0401987)
3003 32nd Ave. S., Ste. 240
Fargo, ND 58103
(701) 478-7620
hannah@fremstadlaw.com

*Counsel for Plaintiff*

| STATE OF MINNESOTA | DISTRICT COURT |
| --- | --- |
| COUNTY OF DAKOTA | FIRST JUDICIAL DISTRICT |
|  | Case Type: Civil Other |

| | |
| --- | --- |
| Kyle Jerome Dalen,<br><br>Plaintiff,<br><br>vs.<br><br>Jodi Harpstead, Commissioner of the Minnesota Department of Human Services, *in her individual and official capacities*,<br><br>Defendant. | Case No. _____<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff Kyle Jerome Dalen alleges as follows:

## INTRODUCTION

1. The Minnesota Commitment and Treatment Act (the "Commitment Act") governs the procedures and standards for civil commitment of criminal defendants pursuant to Rule 20 of the Minnesota Rules of Criminal Procedure. When a judge orders a defendant committed under certain provisions of Rule 20, the Commitment Act requires that the defendant be committed to the custody of Defendant Commissioner of the Department of Human Services. Until recently, the Commitment Act required the Commissioner to admit such patients to a state-operated treatment program within 48 hours of the commitment order. After years of neglecting this statutory duty—leaving innocent individuals with severe mental health symptoms to languish in jails for weeks or months—the Commissioner successfully lobbied the Minnesota Legislature to amend the Commitment Act to nullify the 48-hour law and allow for mentally ill individuals to be held without adequate medical treatment in jails for indefinite periods.

1

2. The amendment to the Commitment Act is unconstitutional and infringes on Plaintiff's rights. Plaintiff brings this action under the United States and Minnesota State Constitutions and seeks declaratory and injunctive relief and damages.

## PARTIES & VENUE

3. Plaintiff Kyle. Dalen is an individual and a resident of Dakota County, Minnesota. Mr. Dalen suffers from antisocial personality disorder, narcissistic personality disorder, and chemical dependency. Mr. Dalen was initially committed to the custody of the Commissioner by a November 3, 2022, court order. On April 4, 2023—while Mr. Dalen was still committed to the Commissioner's custody—he was arrested, jailed, and charged in Stearns County criminal file No. 73-CR-23-2528. Mr. Dalen had not received any treatment since the court's November 3 order. Following an April 28, 2023, recommitment hearing, the court issued an order for continued commitment. Neither commitment order was appealed. To date, Mr. Dalen remains incarcerated in the Sterns County Jail without the treatment he needs and to which he is entitled.

4. Defendant Jodi Harpstead is the Commissioner of the Minnesota Department of Human Services. Defendant Harpstead, in her official and individual capacities, implemented, retained, and carried out policies that violated the constitutional, statutory, and common law rights of Plaintiff.

5. Venue is proper in Dakota County because the cause of action or some part thereof arose in Dakota County

## THE MINNESOTA COMMITMENT AND TREATMENT ACT

6. The Commitment Act governs the procedures and standards for the civil commitment and treatment of persons due to mental illness, developmental disability, or chemical dependence. Minn. Stat. §§ 253B.01 *et seq.* The statute also provides procedures for when a person

2

charged with a crime is found to be incompetent to plead, be tried, or be sentenced under the Minnesota Rules of Criminal Procedure. *Id.*

7.   Prior to May 26, 2023, when a court ordered that a person charged with a crime be confined to a treatment program for a competency examination and/or treatment prior to being tried or sentenced, the Commitment Act required that the court order the commitment to the Commissioner, who was then required to admit the patient to a state-operated treatment program within 48 hours of the commitment order. Minn. Stat. § 253B.10, subd. 1(b). After flagrantly ignoring this requirement for years, Defendant was harshly criticized by private citizens and law enforcement organizations for allowing mentally ill individuals in her custody to remain in jails for *months* before being transferred to a treatment facility.[1] Defendant was also the subject of numerous successful lawsuits alleging she had violated an official duty imposed by law and was liable for damages.[2]

8.   DHS has the single largest budget of any government department in the state. That budget consists of appropriations for, *inter alia*, "direct care and treatment," which DHS describes as "psychiatric hospitals and other inpatient mental health treatment facilities" and "[i]n all, DHS

---

[1] Eric Rasmussen, *'Languishing in jails' – State called out for failure to treat inmates covered by '48-hour law'*, KSTP, https://kstp.com/5-investigates/languishing-in-jails-state-called-out-for-failure-to-treat-inmates-covered-by-48-hour-law/ (last accessed May 31, 2023); Eric Rasmussen, *Sheriffs to DHS: 'Pay up' for inmates waiting on mental health beds*, KSTP, https://kstp.com/kstp-news/top-news/sheriffs-to-dhs-pay-up-for-inmates-waiting-on-mental-health-beds/ (last accessed May 31, 2023).

[2] *See, e.g., Swope v. Harpstead*, Case No. 70-CV-22-13153, Dkt. No. 109, Findings of Fact, Conclusions of Law, and Order Denying Demurrer, and Peremptory Writ of Mandamus, at 9–14 (Scott County, Feb. 22, 2023) (finding Defendant liable for damages for refusing to transfer plaintiff for 57 days); *Ly v. Harpstead*, Case No. 70-CV-22-13781, Dkt. No. 65, Findings of Fact, Conclusions of Law and Order Denying Demurrer, Ordering a Peremptory Writ of Mandamus, and Judgment for Petitioner, at 12-16 (Scott County, Dec. 21, 2022) ("Ly Order") (same for over 60 days).

delivers these services at about 200 sites statewide," including Anoka-Metro Regional Treatment Center (AMRCT), the largest state-operated treatment program as defined in Minn. Stat. § 253B.02, subd. 18d.

9. Despite Defendant's substantial operating budget and legislative allocations specifically for the operation of state-operated treatment programs, Defendant attempted to excuse her refusal to follow the 48-hour rule, citing budgetary restrictions (as well as an intentional misreading of the statute, which every court to have considered the issue had rejected).

10. Rather than ask the legislature for additional funds for treatment programs or for additional resources to expand these operations, Defendant and her counsel lobbied the Minnesota Legislature to change the law to remove any deadline to move individuals to psychiatric hospitals or other facilities that would provide medical care for the mentally ill.

11. Sometime in or around March 2023, the Department of Human Services submitted a bill to the legislature proposing to amend section 253B.10, subd. 1(b) of the Commitment Act, such that the Commissioner would be required to admit patients within 48 hours of a determination that a "medically appropriate bed" is available. The legislature passed DHS's bill, and the Governor signed it into law effective May 26, 2023. The bill added subsection (e) to Minn. Stat. § 253B.10 subd. 1, which provides: "Patients described in paragraph (b) must be admitted to a state-operated treatment program within 48 hours of the Office of Medical Director, under section 246.018, or a designee determining that a medically appropriate bed is available. This paragraph expires on June 30, 2025" (the "Commitment Act Amendment").

12. In effect, this amendment gives Defendant unfettered discretion in the timing of transfer and effectively legalizes extrajudicial incarceration and punishment of vulnerable individuals who have not been convicted of any crime.

4

13. Upon information and belief, at any given time there are between 40 and 60 individuals who have been found incompetent to assist in their own defense and are incarcerated in county jails or prisons awaiting transfer to state-operated treatment facilities.

14. The policies underlying the "48-hour rule" as it existed prior to the Commitment Act Amendment, are evident. In the case of civil commitments, the rule ensured that persons in state custody who have severe mental health symptoms get the treatment they need as soon as possible. In the case of competency examinations, the rule ensured that a person's competency to understand the proceedings or participate in the defense is examined in an environment conducive to that crucial determination. In both cases, the 48-hour rule ensured that defendants with mental or cognitive health needs do not suffer prolonged time periods in jail—where the conditions and lack of treatment can worsen their symptoms and present a serious risk of harm to them, other detainees, or staff.

15. The Commitment Act guarantees to those committed under it a right to numerous services and liberties not afforded to jail detainees, including a right "to receive proper care and treatment, best adapted, according to contemporary professional standards, to rendering further supervision unnecessary." Minn. Stat. § 253B.03 subd. 7. Subject to limited exceptions, committed persons are also entitled to be free from restraints, to correspond freely, to receive visitors and phone calls, and to periodic assessments of their mental health and need for continued commitment. *See* Minn. Stat. § 253B.03.

## CAUSES OF ACTION

### COUNT I:
### Due Process – Void for Vagueness
### Under the United States and Minnesota State Constitutions

16. Plaintiff restates and realleges all previous paragraphs of this Complaint.

17. The Fourteenth Amendment of the United States Constitution provides that states may not deprive a person of life, liberty, or property without due process of law.

18. The due process protections guaranteed by the Minnesota Constitution are coextensive with those guaranteed by the United States Constitution. *State v. Holloway*, 916 N.W.2d 338, 344 (Minn. 2018).

19. The Commitment Act Amendment deprives Plaintiff of due process of law because it is unconstitutionally vague. The phrase "medically appropriate bed" is so vague that persons of common intelligence must guess as to its meaning and could differ as to its application.

20. The Commitment Act Amendment grants patients a right to be admitted to a state-operated treatment program within 48 hours of "determining that a medically appropriate bed is available." However, whether a bed is "medically appropriate" or "available" is left to the ultimate discretion of DHS and the Commissioner. The Commitment Act Amendment fails to provide constitutionally adequate notice of Plaintiff's rights and Defendant's duties.

21. The Commitment Act Amendment impermissibly delegates basic policy matters to Defendant for resolution on an ad hoc and subjective basis, thereby permitting arbitrary and discriminatory application of the law with no process for checking or challenging that application.

22. For the foregoing reasons, Plaintiff is entitled to a declaration under 28 U.S.C. § 2201(a) that the Commitment Act Amendment is unconstitutionally vague, as well as an order enjoining enforcement of the Commitment Act Amendment.

## COUNT II:
## Separation of Powers Doctrine
## Under the United States and Minnesota State Constitutions

23. Plaintiff restates and realleges all previous paragraphs of this Complaint.

24. Whether a criminal defendant should undergo competency evaluation or treatment prior to pleading or being tried is a determination relegated to the judicial branch under constitutional precedent and rules of criminal procedure.

25. By requiring Defendant to effectuate commitment orders "within 48 hours of a medically appropriate bed," while at the same time allowing Defendant to ultimately determine whether a bed is "medically appropriate" and "available," the Commitment Act Amendment effectively gives Defendant the authority to decide if and when competency evaluation and treatment occur in every case.

26. The Commitment Act Amendment therefore delegates judicial power to a department of the executive branch in violation of the separation of powers doctrine.

27. Plaintiff is entitled to a declaration under 28 U.S.C. § 2201(a) that the Commitment Act Amendment is unconstitutional, as well as an order enjoining enforcement of the Commitment Act Amendment.

## COUNT III:
## Due Process – Deliberate Indifference
## Under 42 U.S.C. § 1983

28. Plaintiff restates and realleges all previous paragraphs of this Complaint.

29. As a pretrial detainee, Plaintiff has a right to adequate medical care under the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

30. Plaintiff suffered objectively serious medical needs, including antisocial personality disorder, narcissistic personality disorder, and chemical dependency. Defendant

7

actually knew about these needs because she received a court order placing Plaintiff in her custody for examination and treatment of those needs. Defendant deliberately disregarded these severe medical needs by denying Plaintiff access to such treatment, leaving him to languish in the Sterns County Jail

31. Defendant deliberately, unnecessarily, and wantonly caused Plaintiff to suffer. Defendant actually knew that the conditions of jail are severely detrimental to individuals suffering from personality disorders and chemical dependency, yet she refused to remove Plaintiff from those conditions to get the treatment he needed.

32. Defendant has thus violated Plaintiffs due process rights and deprived Plaintiff of his protected liberty interests in violation of the United States and Minnesota Constitutions.

33. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages, the exact amount to be determined at trial.

### COUNT IV:
### Due Process – Pretrial Punishment
### Under 42 U.S.C. § 1983

34. Plaintiff restates and realleges all previous paragraphs of this Complaint.

35. As an involuntarily committed individual, Plaintiff is entitled to more considerate treatment and conditions of confinement than convicted criminals.

36. The state may not constitutionally punish Plaintiff because he is a pretrial detainee who has not been convicted of any crime.

37. The conditions of Sterns County Jail are severely detrimental to the safety and wellbeing of individuals who suffer from disorders and dependencies like Plaintiff.

38. The conditions of Plaintiff's confinement demonstrate that his confinement is punitive.

39. There is no legitimate government purpose to letting Plaintiff languish in jail, and the severe harm done to him is grossly excessive to any legitimate purpose proffered by Defendant.

40. Defendant's refusal to remove Plaintiff from such conditions therefore constitutes punishment absent a criminal conviction in violation of the Constitution.

41. Defendant has thus violated Plaintiff's due process rights and deprived Plaintiff of his protected liberty interests in violation of the United States and Minnesota Constitutions.

42. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages, the exact amount to be determined at trial.

## COUNT V:
## Due Process – Unreasonable Restraints
## Under 42 U.S.C. § 1983

43. Plaintiff restates and realleges all previous paragraphs of this Complaint.

44. Plaintiff has a liberty interest in safety and freedom from bodily restraint.

45. Plaintiff's freedom from restraint cannot be abridged except when based on the professional judgment of an appropriate professional.

46. Defendant abridged Plaintiff's freedom from bodily restraint.

47. Because Plaintiff was involuntarily committed due to mental illness, the only "appropriate professional" whose judgment should be considered is a medical doctor.

48. Plaintiff's 32 days of incarceration at the jail and the attendant conditions, including but not limited to the complete lack of mental health treatment and *de minimus* physical health treatment, are such a substantial departure from professional judgment, practice, and standards as to demonstrate that the decision to hold Plaintiff in jail was not actually based on professional judgment.

49. Defendant has thus violated Plaintiff's due process rights and deprived Plaintiff of his protected liberty interests in violation of the United States and Minnesota Constitutions.

50. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages, the exact amount to be determined at trial.

## COUNT VI:
### Substantive Due Process
### Under 42 U.S.C. § 1983

51. Plaintiff restates and realleges all previous paragraphs of this Complaint.

52. The Due Process Fourteenth Amendment guarantees process which prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty or otherwise offends judicial notions of fairness or is offensive to human dignity.

53. Plaintiff had a fundamental right to freedom from pretrial punishment, freedom from unreasonable restraints, and access to adequate medical care.

54. The rights of an individual to be free from pretrial punishment, free from unreasonable restraints, and to access to adequate medical care are rights that are deeply rooted in our nation's history.

55. Defendant violated Plaintiff's constitutional rights by denying him, *inter alia*, the right to be free from pretrial punishment, the right to be free from unreasonable restraints, and the right to adequate medical care.

56. Defendant's decision to continue to detain Plaintiff in the Sterns County jail with knowledge that he would likely suffer severe mental and physical injuries constitutes conduct that evinces deliberate injurious intent, shocks the conscience, and interferes with the rights implicit in the concept of ordered liberty.

57. Moreover, Defendant's lobbying, either individually and/or through counsel, for the Commitment Act Amendment evinces a manifest intent to jeopardize the physical and mental welfare of those in her custody.

58. Such conduct, in its totality, is so egregious that it shocks the contemporary conscience.

59. As a direct and proximate result of Defendant's conduct, Plaintiff sustained damages for which Defendant is liable, in an amount to be established at trial.

## COUNT VII:
### Intentional Infliction of Emotional Distress

60. Plaintiff restates and realleges all previous paragraphs of this Complaint.

61. Defendant's intentional conduct—including but not limited to knowingly and intentionally abandoning Plaintiff, a person in acute need of mental health treatment, in a county jail for multiple weeks where Defendant knew he would not receive the treatment he needed—is extreme and outrageous, in that it passes the boundaries of decency and is utterly intolerable to the civilized community.

62. Defendant had knowledge of and intentionally disregarded facts that create a high probability of injury to the rights and safety of Plaintiff and acted in conscious and intentional disregard of that probability of injury.

63. Defendant's conduct caused severe emotional distress to Plaintiff.

64. A private person who acted as Defendant under the circumstances alleged herein would be civilly liable to Plaintiff for intentional infliction of emotional distress.

65. As a direct and proximate result of Defendant's conduct, Plaintiff sustained damages for which Defendant is liable, in an amount to be established at trial.

## COUNT VIII:
## Negligent Infliction of Emotional Distress

66. Plaintiff restates and realleges all previous paragraphs of this Complaint.

67. Defendant had a duty to care for Plaintiff because Plaintiff was committed to Defendant's care and custody at the time of his injury.

68. Defendant breached that duty by refusing to transfer Plaintiff out of jail despite having sole discretion to do so and knowing that Plaintiff would not receive the care and treatment he required.

69. Plaintiff suffered injuries while in the Sterns County Jail because he was not given the care and treatment he required and because the environment in the jail was counter-therapeutic. Plaintiff was detained in jail for an extended period of time due to Defendant's refusal to transfer him to a state-operated treatment facility. Therefore, Plaintiff's injuries were proximately caused by Defendant.

70. Plaintiff's injuries were a foreseeable consequence of Defendant's conduct because Defendant was aware that mentally ill individuals do not receive mental health treatment and care while detained in jails and prisons. Additionally, Defendant could foresee Plaintiff's injuries because Defendant knew of other individuals who were injured due to Defendant's refusal to transfer them out of jails or prisons.

71. Plaintiff's injuries have caused him severe mental anguish, anxiety, fear, and humiliation.

72. As a direct and proximate result of Defendant's negligence, Plaintiff sustained damages for which Defendant is liable, in an amount to be established at trial.

## COUNT IX:
## False Imprisonment

73. Plaintiff restates and realleges all previous paragraphs of this Complaint.

74. Defendant acted intentionally to confine Plaintiff and caused such confinement to continue without legal right. Defendant did so within the scope of Defendant's office or employment.

75. A private person who confined Plaintiff under the circumstances alleged herein would be civilly liable to Plaintiff for false imprisonment.

76. As a direct and proximate result of Defendant's conduct, Plaintiff sustained damages for which Defendant is liable, in an amount to be established at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. A declaration that the actions of Defendant, as described above, are unconstitutional;

B. A declaration that the above-referenced statute is unconstitutionally vague;

C. An order enjoining Defendant's ongoing unconstitutional conduct;

D. An order permanently enjoining Defendant from Depriving Plaintiff of his constitutional rights;

E. Damages compensating Plaintiff for his injuries, including but not limited to compensatory, pecuniary, and medical expense damages;

F. Costs, disbursements, expenses, and attorneys' fees;

G. Pre- and post-judgment interest, to the extent allowable; and

H. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury in this case as to all issues so triable.

Dated: May 31, 2023

**GUSTAFSON GLUEK PLLC**

*/s/Daniel E. Gustafson*
Daniel E. Gustafson (#202241)
David A. Goodwin (#386715)
Anthony J. Stauber (#401093)
Joseph E. Nelson (#402378)
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: 612-333-8844
Fax: 612-339-6622
dgustafson@gustafsongluek.com
dgoodwin@gustafsongluek.com
tstabuer@gustafsongluek.com
jnelson@gustafsongluek.com

**JASPERS, MORIARTY & WETHERILLE, P.A.**
Kevin J. Wetherille (#033036X)
James P. Conway (#0391044)
206 Scott Street
Shakopee, MN 55379
(952) 445-2817

**THRONDSET MICHENFELDER, LLC**
Jason Gustafson (#0403297)
One Central Avenue West
St. Michael, MN 55376, Suite 101
Tel: (763)-515-6110
Cell: (612)-889-0341

**FREMSTAD LAW**
Hannah L. Scheidecker (#0401987)
3003 32nd Ave. S., Ste. 240
Fargo, ND 58103
(701) 478-7620
hannah@fremstadlaw.com

*Counsel for Plaintiff*

14

19HA-CV-23-2251

Filed in District Court
State of Minnesota
5/31/2023 3:51 PM

## ACKNOWLEDGEMENT REQUIRED BY MINNESOTA STATUTE, SECTION 549.211, SUBDVISION 2

The undersigned hereby acknowledges that pursuant to Minnesota Statute, section 549.211, subdivision 2, costs, disbursements and reasonable attorney and witness fees may be awarded to the opposing party or parties in this litigation if the Court should find that the undersigned acted in bad faith, asserted a claim or defense that is frivolous and that is costly to the other party, asserted an unfounded position solely to delay the ordinary course of the proceedings or to harass or committed a fraud upon the Court.

Dated: May 31, 2023                     /s/Daniel E. Gustafson
                                        Daniel E. Gustafson